IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JEFFREY COLLINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15CV607 |
| | ) | |
| R. COVINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court *sua sponte* on Plaintiff's failure to comply with this Court's Order [Doc. #8] of January 25, 2016. For the reasons set out below, the Court recommends dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

On January 4, 2016, the Court entered an Order requiring Plaintiff to pay an initial filing fee in this action. Plaintiff thereafter requested relief from the January 4 Order because the Internal Revenue Service was garnishing his inmate trust account. The Court therefore entered the January 25, 2016 Order, granting Plaintiff partial relief and ordering that on or before February 22, 2016, he submit to the Clerk a certified copy of his inmate trust fund account for the preceding 6-month period, and an updated IFP application, or, alternatively, submit the initial payment of $8.33 previously ordered. The Court noted that if Plaintiff submitted his trust fund account information and updated IFP application, the Court would reconsider the necessity of his making the initial payment. The Court warned Plaintiff in the Order that "FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION." (Order [Doc. #8], at 2.) The February 22, 2016 deadline has now passed, and Plaintiff has not

submitted any additional documents to the Court nor made the initial filing fee payment or any payments toward the filing fee. He has therefore failed to comply with the Court's January 25 Order.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962) (noting that federal courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30.

In the present case, Plaintiff is proceeding *pro se* and has failed to comply with the Court's Order, and the case cannot move forward without his compliance. The Court has given Plaintiff the options of paying the initial fee or submitting documentation showing that he cannot pay that amount. However, Plaintiff has failed to respond at all to the Court's Order. Therefore, the Court will recommend that this action be dismissed without prejudice to Plaintiff filing a new action, accompanied by the filing fee or a proper application to proceed *in forma pauperis*.

IT IS THEREFORE RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

This, the 4th day of March, 2016.

/s/ Joi Elizabeth Peake
United States Magistrate Judge